UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| DOMINGO M.M., | Case No. 25-cv-2830 (LMP/ECW) |
| Petitioner, | |
| v. | |
| RYAN SHEA, *in his official capacity as Freeborn County Sheriff*; PETER BERG, *in his official capacity as the St. Paul Field Office Director for Immigration and Customs Enforcement*; TODD LYONS, *in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement*; and KRISTI NOEM, *in her official capacity as Secretary of Homeland Security*, | **ORDER GRANTING IN PART PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER** |
| Respondents. | |

---

Magdalena B. Metelska, **Metelska Law, P.L.L.C., Hopkins, MN**, for Petitioner.

Ana H. Voss and Lucas B. Draisey, **United States Attorney's Office, Minneapolis, MN**, for Respondents Peter Berg, Todd Lyons, and Kristi Noem.

Petitioner Domingo M.M. ("Petitioner") filed a petition for a writ of habeas corpus on July 11, 2025, challenging his detention at the Freeborn County Jail in Albert Lea, Minnesota, pending removal from the United States. ECF No. 1. Shortly thereafter, Petitioner filed a motion for a temporary restraining order ("TRO") and preliminary injunction asking the Court to enjoin Respondents Ryan Shea, Peter Berg, Todd Lyons, and Kristi Noem (collectively, "Respondents") from removing Petitioner from the United States. ECF No. 2; ECF No. 5 at 14. Petitioner also asks the Court to order Respondents

to release Petitioner from their custody during the pendency of these habeas proceedings or, in the event the Court determines Petitioner should remain in Respondents' custody, to enjoin Respondents from transferring or otherwise removing Petitioner to a detention facility outside the District of Minnesota. *Id.* For the reasons discussed below, the Court reduces its earlier oral order to writing and grants Petitioner's motion and temporarily orders that Respondents, and anyone acting in concert with Respondents, shall not remove or otherwise transfer Petitioner from the District of Minnesota pending a determination on the merits of Petitioner's habeas petition.

## BACKGROUND

Petitioner, who is a Mexican national, initially entered the United States without inspection or authorization in January 2020 and has remained in the United States since then. ECF No. 1 ¶ 40; ECF No. 5-2 ¶ 5. In August 2018, Petitioner was arrested and charged in Minnesota for driving while intoxicated. ECF No. 1 ¶ 40. Following his arrest, Petitioner was transferred to the custody of United States Immigration and Customs Enforcement ("ICE"), an agency within the United States Department of Homeland Security ("DHS"), and placed in removal proceedings. *Id.* ¶ 41. Petitioner applied for cancellation of removal, which an Immigration Law Judge ("ILJ") granted in November 2018. *Id.* § 42; *see also* ECF No. 1-8. DHS appealed the ILJ's decision to the Board of Immigration Appeals ("BIA"), and on June 17, 2021, the BIA issued an order reversing the ILJ's decision, vacating the order cancelling Petitioner's removal, and granting voluntary departure to Petitioner. *Id.* § 42; *see also* ECF No. 1-7 at 1–4. Petitioner

was to voluntarily depart the United States within sixty days of that order—that is, by August 16, 2021.  ECF No. 1-7 at 4.

Petitioner did not voluntarily depart by that date.  Instead, on July 15, 2021, Petitioner applied for U-1 nonimmigrant status with United States Customs and Immigration Services ("USCIS") pursuant to 8 U.S.C. § 1101(a)(15)(U)(i)(I), citing a June 2013 incident in which he was a victim of a felonious assault as the basis for his application.  ECF No. 1 ¶ 43; *see* ECF No. 1-6 at 2; ECF No. 1-3 at 1.  In addition, Petitioner filed a motion with the BIA on or around August 18, 2021, requesting that his removal proceedings be reopened on the basis that his application for U-1 nonimmigrant status was pending.  ECF No. 1 ¶ 44.  The BIA denied Petitioner's motion on June 28, 2023.  *Id.*; *see also* ECF No. 1-6 at 2.

On November 20, 2024, Petitioner applied for a stay of removal, which ICE denied on November 25, 2024.  ECF No. 1 ¶ 45; ECF No. 1-5.  However, after DHS conducted a bona fide determination ("BFD") on Petitioner's application for U-1 nonimmigrant status, USCIS issued a notice to Petitioner on December 20, 2024, indicating that "the evidence demonstrates [Petitioner's application] for U nonimmigrant status is bona fide, and [Petitioner] warrants a favorable exercise of discretion to receive employment authorization and deferred action" on his removal.  ECF No. 1 ¶ 47; ECF No. 1-3 at 1.  Citing the favorable BFD finding, Petitioner subsequently requested that ICE reconsider his request for a stay of removal, but Petitioner represents that he has not received a response.  ECF No. 1 ¶ 48.  Petitioner also applied with USCIS to obtain employment

3

authorization on June 6, 2025, which remains pending. *See* ECF No. 1 ¶ 47; ECF No. 1-4.

On July 9, 2025, Petitioner was instructed to appear at ICE's St. Paul Field Office to be fitted with an electronic ankle monitor. *See* ECF No. 1 ¶ 49. However, when Petitioner appeared the next day, ICE officers instead arrested and detained him. *Id.* Petitioner alleges that he advised the ICE officers that he had received a favorable BFD finding, but one of the officers allegedly told Petitioner that they used to "respect it but no longer do so" and that "it is useless." *Id.* ¶ 50. Petitioner has been detained at the Freeborn County Jail in Albert Lea, Minnesota, since July 10, 2025. *Id.* ¶ 51.

Petitioner filed his habeas petition on July 11, 2025. ECF No. 1. Petitioner alleges that Respondents have violated his rights to due process under the Fifth Amendment and have violated the statute governing U nonimmigrant status, 8 U.S.C. § 1101(a)(15)(U). *Id.* ¶¶ 55–70. On July 13, 2025, Petitioner filed the instant motion for a TRO and preliminary injunction, requesting that the Court: (1) declare that Respondents' conduct violates Petitioner's right to due process under the Fifth Amendment and the Administrative Procedures Act; (2) enjoin Respondents from removing Petitioner from the United States during the pendency of these habeas proceedings; and (3) enjoin Respondents from continuing to detain Petitioner or, in the event the Court determines Petitioner may be detained, from transferring or otherwise removing Petitioner to a detention facility outside the District of Minnesota during the pendency of these proceedings. ECF No. 2; ECF No. 5 at 15. The Court entered an order establishing an expedited briefing and hearing schedule on July 14, 2025. ECF No. 8. That order provides that Respondents are to file an answer

and a memorandum of law explaining Respondents' legal position on the merits of Petitioner's claims, including Petitioner's TRO motion, and contemplates that the issues will be fully briefed in two weeks. *Id.*

The Court held a telephonic status conference on July 15, 2025, with counsel for Petitioner and counsel for Respondents Peter Berg, Todd Lyons, and Kristi Noem (collectively, the "Federal Respondents") to discuss the status of this case. At the status conference, counsel for the Federal Respondents represented that they intend to effect Petitioner's removal from the United States imminently, and further represented that the Federal Respondents could not guarantee Petitioner would not be removed as early as Wednesday, July 16, 2025. At the end of the hearing, the Court granted Petitioner's TRO by oral order and explained that a written order would follow.

## DISCUSSION

A TRO is an extraordinary remedy, and the moving party bears the burden of establishing that such a remedy is warranted. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). In determining whether a TRO is appropriate, courts in the Eighth Circuit consider the four so-called *Dataphase* factors: (1) the likelihood the moving party will succeed on the merits; (2) the threat of irreparable harm to the moving party in the absence of relief; (3) the balance between that harm and the harm injunctive relief would cause to the non-moving parties; and (4) the public interest. *Rodgers v. Bryant*, 942 F.3d 451, 455 (8th Cir. 2019) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc)). No single factor is determinative, and courts "flexibly weigh the case's particular circumstances to determine whether the balance of equities so favors the movant

5

that justice requires the court to intervene." *Hubbard Feeds, Inc. v. Animal Feed Supplement, Inc.*, 182 F.3d 598, 601 (8th Cir. 1999) (citation omitted). The central question is whether justice requires preserving the status quo until the merits are determined. *See Dataphase*, 640 F.2d at 113.

Based on the limited record before the Court, the Court finds that Petitioner has met his burden. On the first factor—likelihood of success on the merits—the parties dispute whether USCIS's favorable BFD finding, and the attendant deferred action on Petitioner's removal, precludes Respondents from attempting to effect Petitioner's removal until a final determination on his application for U-1 nonimmigrant status. But the Court, thus far, has only received briefing on the merits of the issues in this case from Petitioner, and thus is unable to make a firm determination as to the likelihood of Petitioner's success on the merits. The Court therefore finds this factor to be neutral.

As for the second factor—the threat of irreparable harm to Petitioner if the requested relief is not granted—Petitioner represents that he would be irreparably harmed if he were removed from the United States or transferred to a detention facility outside the District of Minnesota before he can be heard on the merits of his habeas petition. *See* ECF No. 5 at 9–11. The Court agrees. As counsel for the Federal Respondents represented, DHS intends to effect Petitioner's removal imminently, and counsel could not confirm that Petitioner would not be removed as early as July 16, 2025, well before the Court receives full briefing on the merits from the parties. Counsel for the Federal Respondents also represented that he understands Petitioner's removal would deprive this Court of jurisdiction to hear and

6

resolve Petitioner's claims on the merits. This factor weighs heavily in Petitioner's favor. Indeed, failure to enter the TRO would be fatal to Petitioner's claims.

Turning to the third factor—the balance between the harm to Petitioner if relief is not granted vis-à-vis the harm to Respondents if relief is granted—the Court finds that the harm to Respondents is minimal. Respondents may incur additional costs relating to Petitioner's continued detention, but that harm is mitigated by the expedited briefing and hearing schedule entered by the Court. *See* ECF No. 8. The Court finds that this factor weighs slightly in Petitioner's favor.

As to the fourth factor—the public interest—the Court notes that "it is always in the public interest to prevent the violation of a party's constitutional rights." *Sammartano v. First Judicial Dist. Ct.*, 303 F.3d 959, 974 (9th Cir. 2002) (quoting *G & V Lounge, Inc. v. Mich. Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994)). Petitioner has alleged that Respondents have violated his constitutional rights, *see* ECF No. 1 ¶¶ 55–66, a claim which the Court cannot assess without full briefing on the merits. The Court finds that this factor weighs strongly in Petitioner's favor.

On balance, the Court finds that justice requires preserving the status quo until the merits are determined. *See Dataphase*, 640 F.2d at 113. Accordingly, the Court grants in part Petitioner's motion for a TRO as set forth below. However, the Court declines Petitioner's request for declaratory relief and for a preliminary injunction until Petitioner's claims can be heard and decided on the merits.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that:

1. Petitioner's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 2) is **GRANTED IN PART** as follows:

    a. Respondents shall not remove, transfer, or otherwise facilitate the removal or transfer of Petitioner from the District of Minnesota;[1] and

    b. No other person, entity, or agency of the government shall remove, transfer, or otherwise facilitate the removal or transfer of Petitioner from the District of Minnesota;

2. Petitioner's Motion (ECF No. 2) is **DENIED** in all other respects; and

3. This Order is effective immediately and shall expire fourteen days after the date of entry unless Petitioner shows good cause to extend it.

Dated: July 15, 2025

*s/ Laura M. Provinzino*
Laura M. Provinzino
United States District Judge

---

[1] The Court acknowledges that this portion of the Order departs slightly from what was indicated during the status conference. However, considering the totality of the circumstances, including the fact that Petitioner's counsel is located in Minnesota and that the harm to Respondents is minimal, the Court believes that the interests of justice will be best served by requiring that Petitioner remain within this District during the pendency of these proceedings. Respondents may continue to detain Petitioner in a detention facility within this District, if they so choose.